107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James I. WYNN, Sr., Plaintiff-Appellant,
v.
George M. REIBER, Esq., Trustee,
AC ROCHESTER, GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 96-7848.
 United States Court of Appeals, Second Circuit.
 Feb. 10, 1997.
 
 1
 APPEARING FOR PLAINTIFF-APPELLANT: James I. Wynn, Sr., pro se, Rochester, New York.
 
 
 2
 APPEARING FOR DEFENDANT-APPELLEE: James Holahan, Harris, Beach, & Wilcox, Rochester, New York.
 
 
 3
 Present: WALKER, Jr., PARKER, and HEANEY,* Circuit Judges.
 
 
 4
 This cause came to be heard on the transcript of record from the United States District Court for the Western District of New York (Michael A. Telesca, Judge ) and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the United States District Court for the Western District of New York is AFFIRMED.
 
 
 6
 In November 1994 James Wynn entered into a settlement agreement with his former employer, defendant, AC Rochester, General Motors Corporation, and others in which he released his claims of race and age discrimination in return for, inter alia, $54,000 and an agreement on the part of defendant to give his children fair consideration were any to apply for employment. (This agreement disposed of the instant action as well as another, similar action against his employer filed in the district court.) Accordingly, by order of November 7, 1994, the district court dismissed Wynn's action with prejudice.
 
 
 7
 Wynn later moved the district court to vacate the settlement agreement arguing that he had inadequate time to consider the agreement before giving his assent and that the agreement failed to provide adequate compensation. By order of December 23, 1994, the district court denied plaintiff's motion to vacate, noting that Wynn had ample time to consider the merits of the agreement, discussed its terms with counsel, and noted his assent on the record. This court affirmed by order of August 10, 1995.
 
 
 8
 On April 23, 1996, Wynn moved the district court to enforce the settlement agreement. He alleged that his former employer violated the agreement by impeding his access to his retirement funds and refusing to employ his son. By order of June 7, 1996, the district court dismissed Wynn's motion to enforce the agreement. He now appeals.
 
 
 9
 The district court's denial of Wynn's motion to enforce the settlement agreement is reviewed for abuse of discretion. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir.1986). The court will find an abuse of discretion only if the court's decision was unreasonable in light of the evidence. In this instance, the district court acted well within its discretion.
 
 
 10
 There was ample evidence upon which the court could reach a reasonable conclusion that defendant was not in breach of the agreement. Wynn's claim that defendant impeded access to his retirement account is belied by evidence, which Wynn does not contradict, that the difficulties he encountered in getting access to his funds was the result of an administrative confusion that was quickly corrected. Further, the district court's refusal to find that defendant has refused to fairly consider Wynn's son for employment is supported by evidence submitted by defendant that Wynn's son, a former employee of defendant who had been laid off, had separately entered into a severance agreement. In that agreement Wynn's son relinquished his right to be called back to work. Accordingly, we find that the district court acted well within its discretion in dismissing Wynn's action.
 
 
 11
 We have considered all of plaintiff's other arguments not specifically addressed and find them to be without merit. Accordingly, the order of United States District Court for the Northern District of New York is AFFIRMED.
 
 
 
 *
 Hon. Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit sitting by designation